UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DeMARCO WILLIAMS | ) | |
| | ) | 08 CV 3772 |
| v. | ) | |
| | ) | Judge Joan B. Gottschall |
| UNITED STATES OF AMERICA | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
PETITION PURSUANT TO 28 U.S.C. § 2255
TO VACATE, SET ASIDE, OR CORRECT HIS SENTENCE**

The UNITED STATES OF AMERICA, by PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, respectfully submits its response to defendant DeMarco Williams' petition to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. For the following reasons, the Court should deny Williams' motion.

**INTRODUCTION**

DeMarco Williams was indicted on September 16, 1999 in a Second Superseding Indictment, which charged him with kidnaping and carjacking, in violation of 18 U.S.C. §§ 2, 1201(2)(1), and 2119. R. 72. On the second day his trial, March 28, 2000, he pleaded guilty without an agreement to both counts of the Second Superseding Indictment. *United States v. Williams*, 258 F.3d 669, 671 (7th Cir. 2001). On August 28, 2000, this Court issued its judgment and commitment order, sentencing Williams to a period of imprisonment of 315 months, five years of supervised release, a fine of $5000, and a special assessment of $200. R. 112.

Williams appealed his sentence, raising challenges to two of the sentencing enhancements recommended in his presentence investigation report and accepted by

the Court: (1) the vulnerable victim enhancement and (2) the enhancement for the severity of the victim's injuries. *Williams*, 258 F.3d at 671. On July 23, 2001, the Seventh Circuit affirmed Williams' sentence. *Id.* The Seventh Circuit issued its mandate on August 14, 2001. R. 139.

Proceeding *pro se*, Williams has filed a petition to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255.[1] Williams contends that he received ineffective assistance of counsel because his trial attorney failed to object to the six-level sentencing enhancement for use of a firearm in the commission of the offense, pursuant to U.S.S.G. § 2B3.1(b)(2)(B).[2] Williams argues that this enhancement was inappropriately used to enhance his sentence when the record shows that it was his

---

[1] In the alternative, Williams has styled his petition as a motion for relief from judgement, pursuant to Fed. R. Civ. P. 60(b)(6), and/or motion to withdraw his guilty plea. "A post-conviction filing that fits the description of § 2255 ¶ 1 *is* a motion under § 2255, and subject to its restrictions, no matter what the pleader says." *Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002) (emphasis in original). Williams' motion pursuant to Rule 60(b) is construed in these circumstances as a petition for collateral relief, pursuant to § 2255. *See, e.g., United States v. Carraway*, 478 F.3d 845, 848 (7th Cir. 2007) ("The fact that Carraway labeled his motion as a request for relief under civil Rule 60(b) rather than section 2255 is immaterial; it is the substance of the petitioner's motion that controls how his request for relief shall be treated.") (citations omitted).

[2] Williams states in a footnote that there are two issues for discussion: the first issue is the enhancement; the second issue is the Court's failure to consider his diminished capacity at sentencing. *See* Petition at 11, n.4. There is no further discussion or argument relating to the diminished capacity issue, and it is unclear whether Williams is even suggesting that he received ineffective assistance of counsel with respect to this issue. Williams therefore waived the issue. *See United States v. Wimberly*, 60 F.3d 281, 287 (7th Cir. 1995) ("[P]erfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived . . . .") (citation omitted).

accomplice, rather than himself, who used a gun to threaten the victim and force her from her car. As explained below, Williams' § 2255 petition fails both procedurally and as a matter of law. First, the petition is barred by the one-year statute of limitations set forth in 28 U.S.C. § 2255. Second, even if Williams' petition could overcome this procedural hurdle, it fails on the merits.

## ANALYSIS

**I.    Williams' Petition Is Untimely.**

Congress has established a one-year statute of limitations governing motions for collateral relief under 28 U.S.C. § 2255. This one-year period runs from "the latest of" four specified events. *See* 28 U.S.C. § 2255, ¶ 6; *see also Nolan v. United States*, 358 F.3d 480, 483 (7th Cir. 2004) (discussing statute of limitations period under § 2255). The relevant date for Williams' petition is "the date on which the judgment of conviction becomes final."[3] § 2255, ¶ 6(1). Where, as here, the defendant does not file a petition for certiorari, the judgment of conviction becomes final when the time for filing a certiorari petition expires. *Clay v. United States*, 537 U.S. 522, 525 (2003).

The Seventh Circuit affirmed Williams' sentence in an opinion issued on July 23, 2001. Its mandate issued twenty-one days later, on August 14, 2001. Williams did

---

[3]Williams claims that he was unaware that he had received the § 2B3.1(b)(2)(B) enhancement until after the Seventh Circuit had issued its decision. *See* Petition at 10. He states that he learned of the enhancement "several years later," but it is unclear whether he is referring to when the Seventh Circuit issued its decision or a period of time after the Seventh Circuit's decision. *See id.* Regardless, he offers no explanation for the lapse of years between when he allegedly learned of the enhancement and his filing of his § 2255 petition, nor does he offer any arguments or allegations that would suggest his petition is otherwise timely.

not file a petition for certiorari. The clock on § 2255's one-year statute of limitations period began to run ninety days after the entry of judgment by the Seventh Circuit, on October 21, 2001. Williams did not file his § 2255 petition until June 30, 2008, nearly six years after the statute of limitations had expired. The petition therefore should be dismissed as untimely.

## II.    Williams Has Not Established Ineffective Assistance of Counsel.

To the extent that the Court is inclined to consider the merits of the petition, Williams' claim of ineffective assistance of counsel also fails. To prevail upon his claim of ineffective assistance, Williams must demonstrate that his counsel made "errors so serious that counsel was not functioning as 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also United States v. Hall*, 212 F.3d 1016, 1021 (7th Cir. 2000) ("[B]ecause counsel is presumed effective, a party bears a heavy burden in making out a winning claim based on ineffective assistance of counsel.") (*quoting United States v. Trevino*, 60 F.3d 333, 338 (7th Cir. 1995)). A defendant must show that "his counsel's service did not meet an objective standard of reasonableness and that there is a fair probability that but for his attorney's ineffectiveness, the result of the trial would have been different." *United States v. Meyer*, 234 F.3d 319, 324-25 (7th Cir. 2000); *Strickland*, 466 U.S. at 689. The Seventh Circuit has explained that this dual showing is difficult to make:

> Our review of a trial attorney's performance is "highly deferential." Our analysis begins with the "strong presumption" that the defendant's attorney rendered adequate representation of his client. Moreover, as the Supreme Court has emphasized, the range of attorney performance that will satisfy the Sixth Amendment's

guarantee of counsel is wide.

*Meyer*, 234 F.3d at 324-25 (citations omitted).

To satisfy the first requirement, reasonable performance, the defendant must identify the specific acts or omissions of counsel that form the basis of the ineffective assistance claim. *Strickland*, 466 U.S. at 690. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. The court's scrutiny of counsel's performance must be conducted with a high degree of deference and without the distorting effects of hindsight. *Id.* at 689; *United States v. Ashimi*, 932 F.2d 643, 648 (7th Cir. 1991) (it is necessary to "evaluate the conduct from counsel's perspective at the time, and indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional conduct) (internal citations and quotations omitted).

As for the second requirement, prejudice, a "reasonable probability" of a different result means a "probability sufficient to undermine confidence in the outcome" of the proceeding. *Strickland*, 466 U.S. at 694. In *Lockhart v. Fretwell*, 506 U.S. 364 (1993), the Supreme Court further clarified that the "prejudice" prong involves more than just "mere outcome determination." 506 U.S. at 369. This prong requires the defendant to show that counsel's errors were so serious as to deprive the defendant of a fundamentally fair and reliable proceeding. *Id.* A defendant must do more than speculate that the outcome of his proceeding would have changed; rather, he must show deficient performance by his counsel and prejudice to his right to a fair proceeding. *Id.* In the context of sentencing issues, a "showing that counsel's errors

5

had 'some conceivable effect on the outcome of the proceeding' is not sufficient to demonstrate prejudice." *United States v. Ruzzano*, 247 F.3d 688, 696-97 (7th Cir. 2001) (citation omitted). Although the Supreme Court's admonition that any amount of additional time in prison can constitute prejudice, a defendant must still show a reasonable probability that he received additional prison time because of counsel's error. *Id.* (citing *Glover v. United States*, 531 U.S. 198 (2001)). In deciding whether a particular error prejudiced the defendant, "a court should presume . . . that the judge . . . acted according to law." *Id.* (citing *Strickland*, 466 U.S. at 695).

Here, Williams claims that his trial counsel should have objected to the enhancement because it was his accomplice, not Williams, who used the gun to force the victim from her car. *See* Petition at 8. In essence, Williams asserts that his attorney's failure to object to the six-level sentencing enhancement for use of a firearm in the commission of the offense, pursuant to § 2B3.1(b)(2)(B), was not objectively reasonable. Because this was not a valid objection, his trial counsel's performance could not have been deficient. The outcome of the case would have been no different had his attorney pursued this objection. *See United States v. Moutry*, 46 F.3d 598, 605 (7th Cir. 1995) (finding no claim of ineffective assistance of counsel where trial counsel did not pursue invalid speedy trial claims).

The U.S. Sentencing Guidelines specify when a defendant must be held accountable for the harm caused by the actions of his accomplice. "In § 1B1.3(a)(1)(B), comment. (n.2), the Guidelines state that 'a defendant is accountable for the conduct . . . of others that was . . . reasonably foreseeable in connection with [jointly

undertaken] criminal activity.'" *United States v. Taylor*, 135 F.3d 478, 481 (7th Cir. 1998). Additionally, the Seventh Circuit has held that a defendant may be held liable for a co-conspirator's use of a firearm and physical restraint committed during the course of a robbery where it is reasonably foreseeable that "a person might have to be physically restrained" in order to carry out the robbery. *United States v. Dorsey*, 209 F.3d 965, 967-68 (7th Cir. 2000). Williams offers no explanation or evidence that it was not reasonably foreseeable to him that his co-conspirator would use a firearm during the carjacking and kidnaping.

As set forth in Williams' presentence investigation report (PSR), the victim was forced from her car after pulling her car into her garage and seeing Nathan Howard, Williams' co-defendant, standing next to her with a gun pointed at her head. *See* PSR at 6.[4] The PSR states that the firearm was used to threaten the victim's life and force her from her car. *Id.* Additionally, the PSR states that "[t]he defendant knew that Howard generally did carry a gun for protection and stood behind Howard while the victim exited the car." *Id.* The PSR continues: "He assisted in applying duct tape to the victim and putting her in the trunk of her car." *Id.* Williams cites nothing to the contrary to suggest that the PSR was factually incorrect.

Williams' petition even concedes these facts. He admits that he wanted a car and that he and his accomplice set out to get one. Petition at 3. Although Howard pointed the gun at the victim, both men duct-taped the victim and placed her in the

---

[4] A copy of Williams' PSR is attached to the courtesy copy of the government's response.

7

trunk of the car. *Id.* Because it was reasonably foreseeable that Williams' accomplice would and did use a firearm during the carjacking and kidnaping, there was no basis factually or legally for Williams' trial counsel to argue that six-level enhancement for use of a firearm did not apply to Williams. Williams therefore cannot establish that he received ineffective assistance for his trial counsel's failure to make such an objection, and his § 2255 petition should be denied.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the court deny Williams' petition to vacate, set aside, or correct his sentence.

Respectfully submitted,
PATRICK J. FITZGERALD
United States Attorney

By:     s/Megan Cunniff Church

Megan Cunniff Church
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 886-1173

## CERTIFICATE OF SERVICE

      I, Megan Cunniff Church, an Assistant United States Attorney, hereby certify that I have caused a copy of the foregoing Government's Response to Defendant's Petition Pursuant to 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct His Sentence to be served upon the defendant at the following address:

> DeMarco Williams
> #11054-424
> Marion - USP
> P.O. Box 1000
> Marion, Illinois 62959

by placing said copy in the United States mail in a first-class, postage-paid envelope on August 22, 2008.

                                                  s/Megan Cunniff Church

                                                  Megan Cunniff Church
                                                  Assistant United States Attorney